UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTOINETTE DIXON,

     Plaintiff,

v.                                        CASE NO. 8:15-cv-1806-T-23JSS

NYK REEFERS LTD., et al.,

     Defendants.

_____/

**ORDER**

On May 14, 2012, a crane unloading cargo from M/V Wild Lotus lowered a metal basket onto and killed Robert L. Dixon, a longshoreman aboard the vessel. As personal representative of the deceased, Antoinette Dixon, his wife, sues (Doc. 54) both NYK Reefers Ltd., who owns the vessel, and Cool Carriers AB, who chartered the vessel at the time of the incident. Dixon sues (1) under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 905, 933, and (2) under the Florida Wrongful Death Act. The defendants move (Doc. 54) to dismiss.

**DISCUSSION**

The defendants argue (1) that the complaint fails to state a claim under the Longshore and Harbor Workers' Compensation Act; (2) that an "exclusivity provision" of the Longshore and Harbor Workers' Compensation Act "preempts"

the claim under the Florida Wrongful Death Act; and (3) that the complaint's request

for an attorney's fee is improper.  (Doc. 54 at 7)

**1. Longshore and Harbor Workers' Compensation Act**

The Longshore and Harbor Workers' Compensation Act not only "creat[es] a

federal system of no-fault compensation for" a longshoreman (and thus prevents the

longshoreman from asserting certain claims against [his] employer) but "create[s] a

statutory cause of action for negligence against" a vessel's owner and against a

vessel's charterer.  Thomas J. Schoenbaum, *Admiralty & Maritime Law*, Vol. 1,

§§ 7-1, 7-10 (5th ed. 2015); *accord Norfolk Shipbuilding & Drydock Corp. v. Garris*,

532 U.S. 811, 818 (2001).  Section 905 states:

> In the event of injury to a person covered under this chapter caused by
> the negligence of a vessel, then such person, or anyone otherwise
> entitled to recover damages by reason thereof, may bring an action
> against such vessel as a third party in accordance with the provisions of
> section 933 . . . .[1]

Moving to dismiss, the defendants argue that the complaint fails to state a claim

under the Longshore and Harbor Workers' Compensation Act.

First, the defendants argue that the complaint fails to state a claim against

Cool Carriers under the Longshore and Harbor Workers' Compensation Act.

Interpreting the complaint as claiming that Cool Carriers negligently "operated" the

---

[1] Section 933 states that, unless the longshoreman "commence[s] an action against such third person within six months after" acceptance of workers' compensation, the acceptance "operate[s] as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person."

vessel, the defendants argue that only the owner, not a time charterer, "operates" a vessel. Schoenbaum at § 11-1, explains:

> A time charter is a contract to use a vessel for a particular period of time, although the vessel owner retains possession and control. The time charterer obtains the right to direct the movements of the vessel during the chartering period. . . . The time chartered vessel is typically fully equipped by the owner, who is responsible for normal operating expenses, repairs, the crew's wages, and insurance. The charterer is responsible for expenses relating to the cargo that is loaded and the ports used. He may also be required to pay for bunkers.

Dixon correctly responds that the complaint claims that NYK Reefers, the owner, negligently "operated" the vessel but that Cool Carriers, the time charterer,[2] negligently managed the unloading of the vessel. Specifically, the complaint argues that, because the crane on M/V Wild Lotus lacked a "warning system," Cool Carriers should have hired a "signalman" for unloading of cargo from the vessel. (Doc. 51 at 4; Doc. 55 at 8)

Second, the defendants argue that the complaint fails to state a claim against NYK Reefers under the Longshore and Harbor Workers' Compensation Act. Interpreting the complaint as claiming that NYK Reefers owes a duty to protect Dixon, the defendants argue that only a vessel's charterer and not a vessel's owner owes a duty "to protect the longshoremen from injury." (Doc. 54 at 4) The plaintiffs correctly respond that the complaint, rather than claiming that NYK Reefers owed a duty to protect Dixon, claims that NYK Reefers breached the duty to intervene, which is one of the three duties that a vessel's owner owes to a longshoreman:

---

[2] Although other types of charterers exist, the parties agree that the Cool Carriers was a time charterer at the time of the incident.

> 1) [to] turn the ship over to the Stevedore in a safe condition; 2) to warn
> the Stevedore of any hidden dangerous conditions which the Stevedore
> may encounter during cargo operations; and 3) to intervene in cargo
> operations when the Stevedore is conducting cargo operations in the
> face of a known dangerous condition.

(Doc. 55 at 8 (citing *See Scindia Steam Nav. Co. v. De Los Santos*, 451 U.S. 156, 157

(1981)))  Specifically, the complaint argues (1) that, although the crane on M/V Wild

Lotus lacked a "warning system," Cool Carriers could have remedied the deficiency

by hiring a "signalman" and (2) that, as soon as Cool Carriers allowed the crane to

unload the vessel with neither a "warning system" nor a "signalman," NYK Reefers

owed a duty to Dixon to intervene.  (Doc. 55 at 8, 9)

## 2. Florida Wrongful Death Act

The defendants correctly argue that an "exclusivity provision" of the

Longshore and Harbor Workers' Compensation Act "preempts" the claim under the

Florida Wrongful Death Act.  (Doc. 54 at 7)  Section 905(b) states, "The remedy

provided in this subsection shall be exclusive of all other remedies against the vessel

except remedies available under this chapter."  Section 902(21) includes in the

definition of "vessel" both a vessel's owner and a vessel's charterer.  *Garris*, 532 U.S.

at 818, confirms that the Longshore and Harbor Workers' Compensation Act

"provides [longshoremen] with . . . negligence claims []against the vessel" and that,

"[a]s to [the vessel], the [Act] expressly pre-empts all other claims."

### 3. Attorney's Fee

Moving to dismiss, the defendants argue that the complaint requests an attorney's fee that is neither "statutorily [n]or contractually authorized."[3] (Doc. 54 at 7)  However, "courts will not dismiss for failure to state a claim merely because the complaint requests inappropriate relief." *Moore's Federal Practice*, Vol. 2, § 12.34[1][b] (3d ed. 2014).[4]  The defendants' argument is correctly asserted in a response to a motion for an attorney's fee but not in a motion to dismiss.

### CONCLUSION

The defendants' motion (Doc. 54) to dismiss is **GRANTED IN PART**. Dixon's claim under the Florida Wrongful Death Act is **DISMISSED**.  Dixon's claims under the Longshore and Harbor Workers' Compensation Act remain.

Many of the arguments in the defendants' motion (Doc. 57) for summary judgment closely resemble the arguments in the motion to dismiss,[5] and the motion for summary judgment assumes as true the defendants' arguments in the motion to

---

[3] Although Dixon acknowledges the existence of the argument, Dixon fails to respond.

[4] *Accord Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 629 (W.D. Va. 2014) (Urbanski, J.) ("A demand for relief is not part of a plaintiff's statement of the claim. As such, the nature of the relief included in the demand for judgment is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted."); Wright & Miller, *Federal Practice and Procedure*, Vol. 5B, § 1357 (3d ed. 2016) ("[I]t need not appear that the plaintiff can obtain the particular relief prayed for in the complaint, as long as the district judge can ascertain from what has been alleged that some relief may be granted by the court.").

[5] For example, the motion for summary judgment argues that the complaint fails to state a claim against Cool Carriers.

dismiss.  Both the motion (Doc. 57) for summary judgment and the motion (Doc. 61)

for leave to reply are **DENIED WITHOUT PREJUDICE**.  No later than

**AUGUST 18, 2016**, a party may move for summary judgment.  The defendants are

reminded that a motion must conform to Local Rule 1.05, which requires a filing to

be "in at least twelve-point type."

The amended complaint names as defendants both NYK Cool AB and Cool

Carriers AB.  Because NYK Cool AB is the former name of Cool Carriers AB, the

clerk is directed to **TERMINATE** NYK Cool AB as a defendant from the docket.

ORDERED in Tampa, Florida, on August 4, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE